**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT MISSISSIPPI**
**JACKSON DIVISION**

**JOHN POUNDS, Individually and on Behalf of the Estate of MARY C. POUNDS and the Wrongful Death Beneficiaries of MARY C. POUNDS** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:07-cv-554-WHB-LRA**

**ROGERSOL, INC.; HARRY H. ROGERS CO., INC.; AGFA CORPORATION; DAY INTERNATIONAL, INC., d/b/a VARN PRODUCTS; JELL CHEMICALS, INC.; HANCO CHEMICALS, INC.; FUJIFILM GRAPHIC SYSTEMS U.S.A., INC.; ABV GRAPHICS, INC.; DIXIE TYPE & SUPPLY COMPANY, INC.; JUNGKIND PHOTO-GRAPHIC, INC.; HARTLAND IMAGING COMPANIES, INC.; JOHN DOE SUPPLIERS and JOHN DOE MANUFACTURERS** **DEFENDANTS**

**OPINION AND ORDER**

This cause is before the Court on the Motions of Defendant, Agfa Corporation, to Strike and/or Objection to the Affidavit of John Pounds and for Summary Judgment.[1] The Court, having considered the Motions, Responses, Rebuttals if filed, the attachments to the pleadings, as well as supporting and opposing authorities finds:

The Motion to Strike and/or Objection to the Affidavit of John Pounds is well taken and should be granted.

---

[1] Defendant Varn International, Inc., incorrectly referred to as "Day International, Inc., d/b/a Varn Products" in the Complaint, has joined in the Motion for Summary Judgment. See Docket No. 46.

The Motion for Summary Judgment should be granted in part, and denied in part.

## II. Factual Background and Procedural History

According to the Complaint, Mary Pounds worked in and around print shops from 1987 through 2001, during which time she was exposed to various chemicals including benzene. In September of 2002, Mary Pounds was diagnosed with Acute Lymphocytic Leukemia ("ALL"), and died of that disease on July 17, 2005. Again, according to the Complaint, on February 22, 2005, Mary Pounds learned that her ALL could have been caused by her previous exposure to chemicals in the workplace.

On July 3, 2007, Plaintiff, John Pounds ("Pounds"), individually and on behalf of Mary Pounds's estate and her wrongful death beneficiaries, filed the above referenced lawsuit in the Circuit Court of Lincoln County, Mississippi. According to the Complaint, the defendants named therein manufactured, marketed, and/or distributed the chemicals to which Mary Pounds was allegedly exposed, and which allegedly caused her to develop ALL. Through the Complaint, Pounds seeks to recover compensatory and punitive damages on claims of failure to warn, strict liability, negligence, breach of warranty, wrongful death, loss of consortium, and misrepresentation.

The lawsuit was removed to this Court on the basis of diversity of citizenship jurisdiction on September 20, 2007. For the purpose of diversity analysis, Pounds is a citizen of the State of Mississippi. Defendant, Agfa Corporation ("Agfa") is a Delaware corporation with its principal business in New Jersey. Defendant, Varn International, Inc., is a Delaware corporation with its principal place of business in Ohio. Defendant, Fuji Graphic Film Systems U.S.A., Inc. ("Fuji") is a Delaware corporation with its principal place of business in New York.[2] All of the remaining defendants are identified as "foreign corporations" in the Complaint. Although the Complaint does not specify the amount in actual and punitive damages sought by Pounds, in the Notice of Removal it is alleged, and Pounds does not dispute, that the amount in controversy in this case exceeds $75,000.00. Based on the nature of the claims alleged, and the damages sought, the Court finds it is apparent from the face of the Complaint that Pounds is seeking damages in an amount greater than $75,000. See Lundy v. Cliburn Truck Lines, Inc., 397 F. Supp. 2d 823, 828 (S.D. Miss. 2005) (finding that the amount in controversy was satisfied based on the plaintiff's silence regarding the allegations in the notice of removal and the nature of her claims). See also Barahona Rodriguez v. Kivitt's Inc., Civil Action No. 3:05-cv-738, 2006 WL

[2] Fuji was dismissed from this lawsuit on October 19, 2007. See Agreed Order of Dismissal [Docket No. 13].

2645190, at *1 (S.D. Miss. Sept. 12, 2006) (same). As both the diversity and amount in controversy requirements have been satisfied, the Court finds it may properly exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Defendant Agfa has now moved for summary judgment arguing that Pounds's claims are barred by the applicable statute of limitations.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

## III. Discussion

Agfa has moved for summary judgment on Pounds's claims arguing that they are barred by the applicable statutes of limitations. The Mississippi Supreme Court recently recognized that two statutes of limitations may apply in wrongful death cases. See Caves v. Yarbrough, 991 So. 2d 142 (Miss. 2008). As explained in Caves:

> The wrongful-death statute - as it relates to death caused by a negligent act - states in very specific and understandable terms:
>
> > Whenever the death of any person or of any unborn quick child shall be caused by any ... **negligent act** or omission, ... as would, **if death had not ensued, have entitled the party injured or damaged thereby to maintain an action** and recover damages in respect thereof, ... and such deceased person shall have left [wrongful death beneficiaries] ..., the [defendant] ... that would have been liable **if death had not ensued ...** shall be liable for damages, notwithstanding the death ....
>
> MISS. CODE ANN. § 11-7-13. Thus, the survival claims described in the wrongful-death statute are, by specific statutory language, limited to damages which the deceased person could have pursued "if death had not ensued." In other words, when a tortfeasor negligently injures someone and a claim arises, the injured party generally has three years to bring a claim. MISS. CODE. ANN. § 15-1-49. And if the injured party subsequently dies, the wrongful-death beneficiaries simply step into the shoes of the deceased person and may - assuming the deceased person brought no claim prior to death - bring claims the deceased person could have brought "if death had not ensued." The injured person (who later died), the statutory beneficiaries, or a combination of the two, have had the entire limitation period to bring the suit, and the claim (made by the statutory beneficiaries) is no more than the same claim the injured party could have brought "if death had not ensued." Stated another way, if a person who is injured through the negligence of a

tortfeasor fails to file suit within the three-year statute of limitations, the right to bring the claim expires; and it does not quicken simply because the injured person later dies.

But cases filed pursuant to our wrongful-death statute may involve more than one kind of claim. For instance, in addition to claims the decedent could have brought "if death had not ensued," there may be individual claims of loss of consortium, society and companionship, estate claims, and insurance subrogation claims. While it is true that the wrongful-death statute requires that all such claims be brought in one suit, each claim is subject to its own statute of limitations. The statute of limitations on estate claims does not begin to run until all of the elements of an estate claim are present. The same is true for claims of loss of society and companionship, which may very well not arise until death.

One reason for the confusion over claims under our wrongful-death statute is that much of the statute's language does not relate to wrongful-death claims, but rather survival claims. One who brings a claim under the wrongful-death statute to recover only damages under circumstances which, "if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof," is actually bringing a survival claim, rather than a wrongful-death claim. A true wrongful-death claim – which is allowed, but not specifically discussed in the language of the wrongful-death statute – is one which is brought to recover damages (such as loss of consortium) one person's death causes to another.

....

To summarize, the Mississippi wrongful-death statute, despite the Legislature's assigned nomenclature, encompasses all claims – including survival claims which could have been brought by the decedent, wrongful-death claims, estate claims, and other claims – resulting from a tort which proximately caused a death. And where death is not an immediate result of the tort, the limitation periods for the various kinds of claims may not begin to run at the same time.

Caves, 991 So. 2d at 148-50 (alterations in original).[3] See also In re Estate of England, 846 So. 2d 1060, 1066 (Miss. Ct. App. 2003) (explaining: "Mississippi's wrongful death statute is based on the new cause of action theory. Under that theory, the statute creates a new cause of action that accrues at death in favor of the heirs listed in the statute.") (alterations in original) (citations omitted). From the face of the Complaint, it is clear that Pounds alleges both "survival claims", i.e. claims that could have been brought by Mary Pounds, as well as "wrongful death claims". See Compl. at ¶¶ 32-38 (alleging wrongful death and loss of consortium claims); id. at ¶ 42 (seeking damages based on: (a) pain and suffering suffered by Mary Pounds, (b) disabilities and physical impairments suffered by Mary Pounds, (c) disfigurement suffered by Mary Pounds, (d) medical expenses incurred by Mary Pounds, (e) lost earnings of Mary Pounds, (f) loss of care and support lost to the plaintiffs during Mary Pounds's illness, (g) mental anguish sustained by the plaintiffs as a consequence of Mary Pounds's death).

---

[3] The Caves decision is to be applied retroactively. See University of Miss. Med. Ctr. v. McGee, No. 2007-IA-00909-SCT, --- So. 2d ---, 2008 WL 5174301 (Miss. Dec. 11, 2008) (quoting Cleveland v. Mann, 942 So. 2d 108, 113 (Miss. 2006)(finding that the Caves decision applied retroactively because, under Mississippi law, "all judicial decisions apply retroactively unless the Court has specifically stated the ruling is prospective.").

**A. Failure to Warn, Strict Liability, and Negligence**

In the Complaint, Pounds alleges claims of failure to warn, strict liability, and negligence. As Mary Pounds would have been entitled to bring these claims "if death had not ensued", the Court finds they should be classified as survival claims under Caves. Under Mississippi law, these claims are governed by a three-year statute of limitations. See MISS. CODE ANN. § 15-1-49(1) (providing: "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."); Id. MISS. CODE ANN. § 15-1-49(2) (providing: "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."). See also Barnes v. Koppers, Inc., 534 F.3d 357, 359 (5th Cir. 2008) (recognizing that "[m]ost Mississippi tort claims are governed by a three-year statute of limitations.").

In support of its Motion for Summary Judgment, Agfa argues that because Mary Pounds was diagnosed with ALL in September of 2002, but the subject lawsuit was not filed until July 3, 2007, Pounds's strict liability and negligence-based claims are barred by the applicable three-year statute of limitations. Pounds does not dispute that these claims are governed by a three-year statute of limitations, nor does he dispute the date of Mary Pounds's ALL

diagnosis. Pounds, however, argues that the applicable statute of limitations did not begin to run until February of 2005 when Mary Pounds learned that her ALL could have been caused by benzene exposure. In support of this argument, Pounds submitted an affidavit in which he avers, *inter alia*:

> My wife and I did not learn of the possibility that her development of [ALL] was linked to her past exposure to benzene and/or benzene-containing products until late January or early February of 2005. We learned of this possibility either when we were contacted by telephone by an attorney, who explained the link between benzene and leukemia, or when we saw an advertisement on television explaining the link.... Prior to these events ... we did not know or even have a reasonable suspicion that her development of leukemia was in any way linked to her exposure to benzene.

See Resp. to Mot. for Summ. J., Ex. A, ¶ 3.

Pounds's argument, i.e. the statute of limitations provided in Mississippi Code Annotated Section 15-1-49(2) does not begin to run until an injured party discovers the cause of the injury, was considered and rejected by the United States Court of Appeals for the Fifth Circuit in Barnes v. Koppers, Inc., 534 F.3d 357 (5th Cir. 2008). In Barnes, the decedent had been diagnosed with breast cancer on June 13, 1997. Based on the date of diagnosis, the defendant argued that the plaintiff's negligence claim was barred by the applicable three-year statute of limitations. The plaintiff, however, argued that the statute of limitations did not begin to run until the decedent knew of both the injury and its cause, and that she did not know of the cause until "her attorney's

investigation first uncovered the alleged link between ... emissions [from the defendant's plant] and her mother's cancer. Id. at 360.

Rejecting the plaintiff's argument, the Fifth Circuit first reasoned that "[t]he firmest rebuke to this interpretation is the language of the statute itself, which refers only to discovery of the injury, not to discovery of its cause." Id. at 360. The Fifth Circuit then discussed several Mississippi cases including Owens-Illinois, Inc. v. Edwards, 573 So. 2d 704 (Miss. 1990), in which the Mississippi Supreme Court indicated, albeit in *dicta*:

> The cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease .... Though the cause of the injury and the causative relationship between the injury and the injurious act or product may also be ascertainable on this date, these factors are not applicable under § 15-1-49(2), as they are under MISS. CODE ANN. § 15-1-36.

Barnes, 534 F.3d at 360 (quoting Edwards, 573 So. 2d at 709). Following its analysis, the Fifth Circuit succinctly held: "Under § 15-1-49, a cause of action accrues when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause." Id. at 361.[4]

[4] As the date on which an injured party discovers the alleged cause of his or her injury is not relevant to determining the date on which a claim accrues for the purpose of Mississippi Code Annotated Section 15-1-49, the Court finds that Pounds's affidavit is irrelevant. Accordingly, the Court will grant the motion of Agfa objecting to this exhibit.

Under Barnes, the Court finds that the strict liability and negligence-based claims alleged in the Complaint accrued when Mary Pounds first had knowledge of her injury. Here, the parties agree that Mary Pounds had knowledge of her ALL in September of 2002, at the time she was diagnosed with that disease. As such, under Mississippi law she had three years from that date, up to and including September of 2005, in which to bring her strict liability and negligence-based claims. As the Complaint was not filed until July of 2007, the Court finds the strict liability, negligence, and failure to warn claims alleged therein are time barred and, therefore, Agfa is entitled to summary judgment on those claims.

**B. Breach of Warranty**

In the Complaint, Pounds alleges that the defendants breached certain warranties by manufacturing/selling products that were unreasonably dangerous and not fit for their intended purposes. See Compl. at ¶¶ 28-31. As Mary Pounds would have been entitled to bring these breach of warranty claims "if death had not ensued", the Court finds they should be classified as survival claims under Caves. Under Mississippi law, breach of warranty claims are governed by a six-year statute of limitations, which generally begins to run from the date the allegedly defective product is

delivered. See MISS. CODE ANN. § 75-2-725.[5] See also Forbes v. General Motors Corp., 993 So. 2d 822, 824 (Miss. 2008) (affirming dismissal of breach of warranty claim on the basis that the claim had been filed more that six years after the allegedly defective automobile had been delivered); Rutland v. Swift Chem. Co., 351 So. 2d 324, 325 (Miss. 1977).

In support of its Motion for Summary Judgment, Agfa argues that the latest date on which its products could have been delivered to Mary Pounds was May 31, 2001. See Mem. in Supp. of Mot. for Summ. J., at 14 and cited Exhibits. Pounds does not challenge this argument, and has not presented any argument or evidence to show either (1) that the defendants delivered products to Mary Pounds after May 31, 2001, or (2) that any exception tolled the applicable six-year statute of limitations for breach of warranty claims. Accordingly, the Court finds that Pounds has failed to show that there exists a genuine issue of material fact

---

[5] This statute provides:

(1) An action for breach of any contract of sale must be commenced within six (6) years after the cause of action has accrued.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

with regard to whether the breach of warranty claims alleged in the Complaint accrued after May 31, 2001 and, therefore, has likewise failed to show that there exists a fact question as to whether those claim expired before the Complaint was filed on July 3, 2007. Accordingly, the Court finds that Agfa is entitled to summary judgment on Pounds's breach of warranty claims.

**C. Misrepresentation**

In the Complaint, Pounds alleges that the named defendants made various misrepresentations regarding the safety of their products upon which Mary Pounds relied to her detriment. See Compl. at ¶¶ 39-31. As Mary Pounds would have been entitled to bring a misrepresentation claim "if death had not ensued", the Court finds it should be classified as survival claims under Caves. Under Mississippi law, misrepresentations claims are governed by a three-year statute of limitations. See MISS. CODE ANN. § 15-1-49; CitiFinancial Mortgage Co. v. Washington, 967 So. 2d 16, 19 (Miss. 2007). Applying Mississippi law most liberally in Pounds's favor, the Court finds that the misrepresentation claim accrued at the time Mary Pound was injured. See e.g. Washington, 967 So. 2d at 19 (finding, in a contractual dispute, that the plaintiff's misrepresentation claim "accrue[d] on the date of actual injury, the date the facts occurred which enable[d] the Plaintiffs to bring a cause of action.").

Again, the Court finds that the misrepresentation claim alleged in the Complaint accrued when Mary Pounds first had actual knowledge of her injury. Again, the parties agree that Mary Pounds had knowledge of her ALL in September of 2002, at the time she was diagnosed with that disease. Accordingly, the Court finds she had three years from that date in which to bring her misrepresentation claim and, because the subject Complaint was not filed until July 3, 2007, the misrepresentation claim alleged therein is time barred. As such, the Court additionally finds that Agfa is entitled to summary judgment on Pounds's misrepresentation claim.

**D. Wrongful Death/Loss of Consortium**[6]

In the Complaint, Pounds alleges a claim of wrongful death. See Compl. at ¶¶ 32-38. Under Mississippi law, "a wrongful death action, since it is predicated on an underlying tort, is limited by the statute of limitation applicable to the tort resulting in the wrongful death." Jenkins v. Pensacola Health Trust, Inc., 933 So. 2d 923, 926 (Miss. 2006). As discussed above, the torts underlying Pounds's wrongful death claim, which include strict liability,

---

[6] Although labeled as a loss of consortium claim, the Court finds that Pounds's claim is actually one seeking recovery of damages under the Mississippi Wrongful Death Statute. Compare Compl. at ¶ 38 (John Pounds seeking recovery based on the loss of Mary Pounds's "companionship, services and society") with McGowan v. Estate of Wright, 524 So. 2d 308, 311 (Miss. 1988) (recognizing that damages recoverable under the Mississippi Wrongful Death Statute include "the loss of the companionship and society of the decedent...").

negligence, and misrepresentation, are governed by a three-year statute of limitations.

The Court finds, consistent with Caves, that Pounds's wrongful death claim did not accrue for statute of limitations purposes until the death of Mary Pounds on July 17, 2005. As the wrongful death claim was filed within the ensuing three-year period, the Court finds it is not barred by the applicable statute of limitations. Accordingly, the Court finds that the Motion of Agfa for summary judgment on the wrongful death claim is not well taken and should be denied.

## IV. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant Agfa for Summary Judgment, to which Varn International, Inc., has joined, [Docket No. 41] is hereby granted in part, and denied in part.

To the extent the subject Motion sought summary judgment on the claims of failure to warn, strict liability, negligence, breach of warranty, and misrepresentation, the Motion is granted.

To the extent the subject Motion sought summary judgment on the claim of wrongful death/loss of consortium, the Motion is denied.

IT IS FURTHER ORDERED that the Motion of Agfa to Strike and/or Objection to the Affidavit of John Pounds [Docket No. 51] is hereby granted.

IT IS FURTHER ORDERED that the stay entered in this case by United States Magistrate Judge Linda R. Anderson [Docket No. 50] is hereby vacated. In accordance with that Order, the parties are directed to submit a proposed new scheduling order to Judge Anderson within ten days of the date this Opinion and Order is entered.

SO ORDERED this the 5th day of March, 2009.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE